John GRIMES et al., Plaintiffs-Appellants,

v.

COMMONWEALTH OF KENTUCKY et al., Defendants-Appellees.

No. 71–1981.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 1971.

Kenneth J. Guido, Jr., Lexington, Ky., William Allison, Louisville, Ky., for appellants.

Martin Glazer, Asst. Atty. Gen. of Ky., John B. Breckinridge, Atty. Gen. of Kentucky, Frankfort, Ky., for appellees.

Edward F. Prichard, Jr., Frankfort, Ky., for intervenor.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

PER CURIAM.

This case involves an election to fill a vacancy in the office of Congressman for the Sixth Congressional District of the Commonwealth of Kentucky. Following the death of the Honorable John Watts, the incumbent Congressman, the Governor of Kentucky called a special election to be held Saturday, December 4, 1971. Nominees of the Democratic and Republican parties were selected by the governing authorities of the respective parties as authorized by K.R.S. § 121.060.

This action was filed to enjoin the holding of this election on the ground that the method of chosing the party nominees violates the "one-man, one-vote" principle under the equal protection clause of the Fourteenth Amendment. The District Court declined to issue an injunction and dismissed the action by order entered November 18, 1971. Notice of appeal was filed November 23, 1971.

On November 26, 1971, plaintiffs-appellants filed in this court a motion for injunction pending appeal. Oral arguments on this motion were held November 30.

This court is not willing to decide the substantial constitutional questions posed by this case without full briefing by all parties, some of whom have not as yet been able to file appearances.

The granting of an injunction to restrain the holding of this election could deprive the citizens of the Sixth Congressional District of Kentucky of representation in Congress for an extended period of time. This court declines to issue an injunction at this late date which would result in "serious disruption of election process." Williams v. Rhodes, 393 U.S. 23, 35, 89 S.Ct. 5, 21 L.Ed.2d 24.

The motion for injunction pending appeal is denied.

Briefs will be filed by all parties on the constitutional issues involved and

on the issue of mootness. Typewritten briefs with four legible copies produced by Xerox or similar process may be filed in lieu of printed briefs. This time for filing briefs and appendix shall be as prescribed by Rule 31, Fed.R.App.P.