John GRIMES et al., Plaintiffs-Appellants,

v.

COMMONWEALTH OF KENTUCKY et al., Defendants-Appellees.

No. 71–1981.

United States Court of Appeals, Sixth Circuit.

June 29, 1972.

Kenneth J. Guido, Jr., Lexington, Ky., for appellants.

Ed W. Hancock, Atty. Gen., Martin Glazer, Asst. Atty. Gen., and Edward F. Prichard, Jr., Frankfort, Ky., for appellees.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge and CECIL, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This case involves an attack upon the procedures employed by the Democratic and Republican parties in the Commonwealth of Kentucky for nominating candidates in a special election for a seat in Congress vacated by the death of an incumbent.

Nominees of the Democratic and Republican parties are selected by the governing authorities of the respective parties as authorized by K.R.S. § 121.060. This action challenges the procedure for nominating candidates on the ground that it violates the "one-man, one-vote" principle under the equal protection clause of the Fourteenth Amendment.

The District Court declined to issue an injunction and dismissed the action.

By a per curiam opinion filed November 30, 1971, this court declined to enjoin the pending election. We expressed no view on the constitutional issues presented and called for additional briefs on the merits. 451 F.2d 1353.

At the special election conducted on December 4, 1971, the Honorable William P. Curlin was elected Representative to fill out the unexpired term. It is conceded by all parties that the House of Representatives is the judge of the elections of its members by virtue of Art. 1, § 5 of the Constitution, and that no decision in this case will affect the right of Congressman Curlin to serve as Representative during the period for which he has been elected.

On February 22, 1972, this court entered an order setting the case for oral argument on its merits on the regular calendar of the April 1972 session. Copies of this order were mailed to all parties and attorneys of record. Oral argument was heard April 18, 1972.

It is stated that the Democratic Party in Kentucky has provided by rule that:

"The Executive Committee in all Congressional, Appellate, Senatorial, Judicial and Legislative Districts comprised of more than one county shall be composed of one member from each of the counties composing the District, and the member from each county shall be the Chairman of the County Executive Committee. Said Executive Committee shall be the governing authority of the Democratic Party in each of said respective districts. The Chairman of the county within the district that cast the largest Democratic vote at the next preceding Presidential election shall be the Chairman of said Committee, and if for any reason he be absent or unable to act as Chairman, then the Chairman of the County Executive Committee of the county within the district that cast the next largest Democratic vote at the next preceding Presidential election shall act as Chairman. Said Committee shall have full authority to say and determine how all nominations within their respective districts are to be made and to declare all nominees not inconsistent with the general Primary Election Law."

It is further stated that the rules of the Republican Party do not specify the exact manner in which nominations are made to fill vacant congressional seats and other positions, but that in practice the Republican Party generally utilizes the same procedure as the Democratic Party in choosing nominees to fill vacant seats.

There are twenty-one counties in Kentucky's Sixth Congressional District. The population of the District is 498,195. According to the 1970 census the most populous is Fayette with 174,323 inhabitants and least populous is Robertson with a population of 2,163.

It is averred that a county chairman is chosen from each county by the respective political parties. Each county chairman has one vote in selecting the party nominee regardless of the population of the respective counties. The county chairmen are chosen at county conventions composed of committeemen elected by the precincts. It is further charged that the precincts are malapportioned both as to population and registered voters. Appellants thus contend that there are two levels of vote dilution in violation of the "one-man, one-vote" principle: (1) equal vote by each county chairman, regardless of the population of the county he represents; and (2) malapportionment of population in the precincts.

The Attorney General of Kentucky, representing himself but not all the State officers who are parties to the action, agrees with the contentions of appellants, taking the position on briefs

and oral arguments that the procedures outlined above violate the equal protection clause of the Fourteenth Amendment. The attorney for the Democratic Party, who was the only other attorney participating in the oral argument, made a somewhat similar concession in oral argument.

At the present posture of the appeal, this court is required to pass on two issues:

(1) Is the appeal now moot?

(2) If not, did the District Court err in dismissing the action?

■ We hold that the case is not moot. In election litigation such as this, the case is not mooted by the holding of the election. Otherwise issues which are "capable of repetition, yet evading review," could never be decided by the courts. Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1.

■ We further hold that the complaint presents substantial constitutional questions in relation to the "one-man, one-vote" issue at both precinct and county levels in the light of the nominating procedure employed by both the Democratic and Republican parties. Hadley v. Junior College District, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45; Avery v. Midland County, Texas, 390 U. S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45; Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506; Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L. Ed.2d 481; Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821; Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L. Ed.2d 663.

The order of the District Court dismissing the complaint is vacated. The case is remanded for a hearing on the merits and for findings of fact and conclusions of law. This court expresses no view as to the constitutional issues pending a decision by the District Court on its merits.