Norman **TOLPO** et al.

v.

Honorable Bob **BULLOCK**, Secretary of State of State of Texas.

Civ. A. No. 7925.

United States District Court, E. D. Texas, Beaumont Division.

Oct. 17, 1972.

Alan McNeill, Beaumont, Tex., for plaintiffs.

Crawford C. Martin, Atty. Gen. of Tex., Austin, Tex., for defendants.

Before INGRAHAM, Circuit Judge, and FISHER and STEGER, District Judges.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Plaintiffs have petitioned this Three-Judge Court to declare unconstitutional and invalid Article 13.12(2a) of the Texas Election Code, Vernon's Ann. Tex.St. The Court was impaneled, and the parties appeared before the Three-Judge Court on Tuesday, October 10, 1972, for consideration of the merits of said cause, and the Court, having carefully and duly considered the pleadings, briefs filed and arguments made by the

respective parties, finds that Plaintiffs were not denied equal protection of the law, and now enters findings of fact and conclusions of law.

## I. FINDINGS OF FACT

A. Plaintiffs' complaint is that V.A.T.S. Election Code, Article 13.12(2a) is unconstitutional by denying them equal protection under the Fourteenth Amendment to the Constitution of the United States, requesting injunctive relief prohibiting the operation and enforcement of said statute.

B. Plaintiffs are Norman Tolpo, a resident citizen of Beaumont, Jefferson County, Texas; C. R. Collinger, Jr., Chairman of the Republican Party of Jefferson County; the Republican Party of Jefferson County and the Republican Party of Texas, political entities organized under Texas law.

C. Defendant, Bob Bullock, is the Secretary of State of Texas, responsible for the enforcement of the Texas election laws. Randall Wood was, until Friday, September 30, 1972, serving in the capacity as Director of Elections under the Secretary of State, Bob Bullock.

D. On March 17, 1972, Will L. Smith, the incumbent officeholder for the Texas Legislature, District 7, Place 2, died before nomination in the primary elections, although he had filed for re-election in the Democratic primary, the filing deadline for which was February 7, 1972.

E. No other candidates in any political party had filed for that office to oppose Will L. Smith. He had been unopposed by any candidate for re-election for three prior terms. When the said Will L. Smith died, no primary had yet been held and there was no nominee for said office.

F. Pursuant to V.A.T.S. Election Code, Article 13.12(2a), the Democratic Party reopened filing for said office until April 1, 1972, and several candidates then filed, one of whom was ultimately chosen as that party's nominee at the primary election on May 6, 1972. At the time Mr. Randall Wood, Director of Elections for the State of Texas, concluded pursuant to the terms and provisions of Article 13.12(2a) that only the Democratic Party would be allowed to reopen its filing to allow other applicants, and the Jefferson County Democratic Chairman was so instructed to reopen said filing for fifteen days. At the same time the Secretary of State's Office instructed the State Republican Party of Texas and the Jefferson County Republican Chairman, C. R. Dollinger, Jr., that the Republican Party could not reopen their party primary for filing for the office of State Representative, District 7, Place 2, under the terms and provisions of Article 13.12(2a). Nevertheless the Republican Party of Jefferson County also reopened its filing for said office, and Tolpo, one of the Plaintiffs herein, filed, and was subsequently nominated at the primary election on May 6, 1972.

G. Although Tolpo was certified as the Republican nominee for District 7, Place 2, in the Texas Legislature, the Secretary of State, Defendant herein, refused on August 23, 1972, to place him on the ballot because of Article 13.12 (2a), and so advised Dr. George Williford, Chairman of the State Republican Party, by letter.

H. Prior to amendment in 1969, Article 13.12(2) was the law governing such situations and stated: .

> ". . . provided however, that in the event there is no candidate for the nomination of any office due to the death of the one who had filed or for any other reason, applications may be filed not later than the first Monday in June preceding the primary."

After the death of a legislator in Dallas County wherein several candidates for two or more political parties were allowed to file, the Legislature in 1969 amended the above Article 13.12(2) to its present form in Article 13.12(2a). At the time of the amendment, the Texas Legislature was composed of 171 Democrats and 10 Republicans.

I. The pertinent portions of Article 13.12(2a) now state:

"The filing deadline . . . shall be extended for the particular party primary and office involved, as provided in this paragraph . . . and applications for that party's nomination for that office may be filed not later than 6 p. m. on the 15th day following the death, withdrawal, or declaration of ineligibility of the candidate. . ."

J. On September 19, 1972, Plaintiffs filed their Complaint challenging the constitutionality of Article 13.12(2a), which date was approximately six months after the date of the Secretary of State's initial ruling. On September 15, 1972, the Secretary of State issued a Certification Letter certifying the candidates for a position on the ballot of the General Election to be conducted on November 7, 1972. The ballots for absentee and overseas voting have been printed by Jefferson County Clerk Fred Hill with overseas voting beginning on October 12, 1972, and absentee voting to follow on October 18, 1972.

To grant Plaintiffs injunctive relief as prayed for would result in disrupting the November 7, 1972, election and would deprive many voters of a right to cast absentee ballots. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24. Also see Grimes v. Commonwealth of Kentucky, 451 F.2d 1353 (6th Cir. 1971).

## II. CONCLUSIONS OF LAW

A. This Three-Judge Court has jurisdiction of both the subject matter and the parties to this litigation.

B. Plaintiffs failed to show a denial of equal protection of the laws, in particular, V.A.T.S. Election Code, Article 13.12(2a) under the Fourteenth Amendment to the Constitution of the United States, and Plaintiffs' Complaint is accordingly dismissed.

C. V.A.T.S. Election Code, Article 13.12(2a) does not deny equal protection and therefore is not unconstitutional.

Raza Unida Party et al. v. Bullock, 349 F.Supp. 1272 (D.C.W.D.Tex.1972), and Tansley v. Grasso, 315 F.Supp. 513 (D. C.).